UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lewis Duckett, # 295395;<br>Bernard McFadden, # 199135;<br>Dewey Chadwick, # 338189;<br>Raymond Jackson, # 302989;<br>Brian Shad, # 290289;<br>Igmacio Rivera, # 300494;<br>Charles Jackson, # 312188;<br>Alejandro Perez, # 284034;<br>Javier Ramirez, # 313914;<br>Torrence Whitlock, # 285540;<br>Brandon Mellott, # 266366;<br>Joel Turner, Jr., # 247816;<br>Bruce Williams, # 226065;<br>Sean Johnson, # 318610;<br>Jeff Spells, # 322938;<br>Kenneth Irby, # 239451;<br>Orrin Petty, # 332197,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Marcia Fuller, *SCDC Dietician, in her individual or personal capacity*;<br>Mrs. Ball, *First Name Unknown, Kershaw Cafeteria Supervisor, in her individual and personal capacity*;<br>Michael L. Fair, *Legislative Audit Counsel; in his individual or personal capacity*,<br><br>                    Defendants.<br>_____ | C/A No. 6:13-1079-JMC-KFM<br><br><br><br><br><br>**Report and Recommendation**<br>**to**<br>**Dismiss Sixteen Co-Plaintiffs** |

      This is a civil rights action purportedly brought by seventeen (17) prisoners at the Kershaw Correctional Institution. Therefore, in the event that a limitations issue arises, Plaintiffs shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for

forwarding to district court).  Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

Although Lewis Duckett is the "lead" Plaintiff, it is readily apparent that the Complaint was prepared by the second-named plaintiff, Bernard McFadden. (ECF No. 1-4). In the above-captioned case, Plaintiffs allege that the South Carolina Department of Corrections ("SCDC") has failed to provide adequate nutrition and that Defendant Fair has failed to investigate the SCDC despite repeated requests by Plaintiff McFadden.  The Court of Appeals has been receptive to such claims of inadequate nutrition.  *See Wilson v. Johnson,* 385 F. App'x 319, 320 (4th Cir. 2010).  Plaintiff McFadden has brought at least two prior similar actions in this Court.  *See Bernard McFadden v. McKie, et al.*, C.A. No. 3:11-673-JMC-JRM; and *Bernard McFadden v. Simon Major, Director Sumter-Lee Regional Center, et al.*, C.A. No. 6:09-2437-RBH-WMC (a spinoff case from *Charles Brown v. Simon Major, Director Sumter-Lee Regional Center, et al.* C.A. No. 6:09-2329-RBH-WMC), where Plaintiff McFadden, as in the above-captioned case, prepared the pleadings in a multiple-plaintiff case but listed himself as a Co-Plaintiff in the caption of the pleadings. Plaintiffs Duckett and McFadden are also plaintiffs in a pending civil rights action alleging inadequate nutrition at the Kershaw Correctional Institution.  The undersigned has recommended the fifteen Co-Plaintiffs in that case be dismissed and that the lead Plaintiff remain the sole Plaintiff in the case.   *See Bruce A. Roddey et al. v. Marcia Fuller, et al.*, C.A. No. 6:13-884-JMC-KFM.

The question of whether multiple plaintiffs can proceed in a single case under the Prison Litigation Reform Act ("PLRA") has required the attention of various federal courts.  *See Burke v. Helman*, 208 F.R.D. 246 (C.D. Cal. 2002) (collecting cases).  In *Hubbard v. Haley,* 262 F.3d 1194, 1197–98 (11th Cir. 2001), the United States Court of

Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

Each Plaintiff's claims are unique to the particular plaintiff. Each Plaintiff must comply with the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory); and *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions). Each Plaintiff may have different amounts of damages (if any). Moreover, neither "lead" Plaintiff Lewis Duckett nor the second-named Plaintiff McFadden can "represent" the other Co-Plaintiffs. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

Each of the sixteen Co-Plaintiffs can prepare and file his own civil rights case relating to food and caloric intake. *See Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) (the PLRA requires that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," although the fee may be paid in installments); *Hubbard v. Haley*, 262 F.3d at 1197–98 (multiple prisoners are not allowed to join together in a single lawsuit).

## *Recommendation*

It is recommended that the District Court dismiss *without prejudice* the sixteen Co-Plaintiffs from this case. Lewis Duckett would remain the sole Plaintiff in this case. Plaintiffs' attention is directed to the important Notice on the next page.

May 14, 2013                                             s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Each of the sixteen Plaintiffs is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>     **Larry W. Propes, Clerk of Court**
>     **United States District Court**
>     **300 East Washington Street — Room 239**
>     **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).