# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Lewis Duckett, Bernard McFadden, Dewey Chadwick, Raymond Jackson, Brian Shad, Igmacio Rivera, Charles Jackson, Alejandro Perez, Javier Ramirez, Torrence Whitlock, Brandon Mellott, Joel Turner, Jr., Bruce Williams, Sean Johnson, Jeff Spells, Kenneth Irby, Orin Petty, | ) ) ) ) ) ) ) ) ) | |
| | ) | Civil Action No. 6:13-cv-01079-JMC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Marcia Fuller, SCDC Dietician; Mrs. Ball, Kershaw Cafeteria Supervisor; Michael L. Fair, Legislative Audit Counsel, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 12), filed May 14, 2013, recommending the court dismiss without prejudice the sixteen co-Plaintiffs[1] from this case brought pursuant to 42 U.S.C. § 1983 and proceed with Plaintiff Lewis Duckett as the sole plaintiff in this action. Plaintiff Duckett has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the reasons stated herein, the court **ACCEPTS IN PART** and **REJECTS IN PART** the magistrate judge's Report and **SEVERS** this case into seventeen separate actions, individualized for each Plaintiff.

---

[1] In this order, the court refers to all Plaintiffs with the exception of Plaintiff Lewis Duckett as "co-Plaintiffs".

1

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

Plaintiffs are incarcerated at the Kershaw Correctional Institution, a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2). Plaintiffs filed this action on April 22, 2013 (ECF No. 1), alleging that Defendants violated the Eighth Amendment by providing insufficient portions of food and drinks that did not yield the necessary vitamins or nutrients. *Id.* at 3. Plaintiffs allege that as a result of their malnutrition they have suffered a variety of physical ailments including loss of vision, headaches, bleeding gums, weight loss, decaying teeth, and loss of hair. *Id.* Plaintiffs request monetary, punitive, compensatory, and nominal damages. *Id.* at 6. Additionally, Plaintiffs ask that the court declare Defendants have violated the Constitution by feeding offal in place of beef and by providing inadequate fruits and vegetables. *Id.* Plaintiffs further request that the court issue an injunction requiring Defendants to provide a balanced and nutritious diet. *Id.*

In the Report, the magistrate judge recommended that the court dismiss without prejudice co-Plaintiffs in this case and allow the action to proceed with Plaintiff Lewis Duckett as the sole plaintiff. (ECF No. 12 at 3). The magistrate judge found that while the issue of whether multiple *in forma pauperis* plaintiffs can join in a single case under the Prison Litigation Reform Act ("PLRA") is contested, the Eleventh Circuit has barred such joinder. *Id.* at 2-3 (citing *Hubbard v. Haley,* 262 F.3d 1194, 1197-98 (11th Cir. 2001)). Moreover, the Report explained that since each Plaintiff would need to meet the exhaustion requirement of the PLRA and might

be entitled to differing amounts of damages, dismissal of co-Plaintiffs to bring their own individual actions was warranted. *Id.* at 3.

On May 24, 2013, Plaintiff Lewis Duckett filed Objections to the Report ("Objections") (ECF No. 14). In his Objections, Plaintiff Duckett does not completely disagree with the magistrate judge's recommendation that co-Plaintiffs be dismissed. *Id.* at 1. Instead, Plaintiff Duckett requests that the court provide each of the dismissed co-Plaintiffs with a package that encloses all the necessary forms to refile the complaint. *Id.* Plaintiff Duckett also asks that the court grant co-Plaintiffs ninety days to exhaust grievances citing *Rocky v. Vittorie,* 813 F.2d 734 (5th Cir. 1987). *Id.* Furthermore, Plaintiff Duckett objects to the magistrate judge's finding that each Plaintiff must comply with the PLRA's exhaustion requirement, contending that one co-Plaintiff's exhaustion is all that is required and that the allegation of imminent danger excuses the exhaustion requirement. *Id.*

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v.*

3

*Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiffs are *pro se* litigants, the court is required to liberally construe their arguments.  *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

The court agrees with the magistrate judge's conclusion that Plaintiffs should not be allowed to proceed under one joint action.  While the Fourth Circuit has yet to rule on the issue of whether multiple prisoners can join together in a single action under the PLRA, it has declared it "plain error for a pro se inmate to represent other inmates in a class action." *Fowler v. Lee,* 18 F. App'x 164, 165 (4th Cir. 2001).  Four circuit courts have addressed whether *in forma pauperis* prisoner plaintiffs are allowed to join under Federal Rule of Civil Procedure ("F.R.C.P.") 20.  As noted in the Report, the Eleventh Circuit has found that the PLRA bars such joinder.  *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir. 2001).  However, even under the more flexible holdings of the Third, Sixth, and Seventh Circuits, *see Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997); *Bouriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004), the court finds F.R.C.P. 20 permissive joinder inappropriate for the instant action.

The Third Circuit has explained that when exercising its "broad authority" to deny joinder for prisoner plaintiffs, the district court should "provide a reasoned analysis that comports with the requirements of [F.R.C.P. 20], and that is based on the specific fact pattern

4

presented by the plaintiffs and claims before the court." *Hagan,* 570 F.3d at 157. It is apparent to the court that Plaintiffs, in support of their claim in this action, have stated allegations that are identical, word-for-word, to allegations made by plaintiffs in other cases pending before this court.[2] *See Roddey, et al., v. Fuller, et al.,* C.A. No. 6:13-00884-JMC; *McFadden, et al., v. Fuller, et al.,* C.A. No. 2:13-02290-JMC. The court also notes there is significant overlap between the plaintiffs and defendants across the three pending cases. *Id.* This litigation tactic is potentially confusing as it places the same allegations and overlapping parties before the court in three different cases. Moreover, Plaintiffs have alleged a wide array of illnesses resulting from malnutrition that would require individualized findings. The court would similarly need to determine whether each individual Plaintiff has met the PLRA's exhaustion requirement. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions). Therefore, in its discretion, the court denies joinder under F.R.C.P. 20(a). *See* F.R.C.P. 20(b); *see also* 7 Wright, Miller, & Kane, *Federal Practice and Procedure,* § 1652 (3d ed. 2001) (discussing the court's discretion to deny permissive joinder where it determines joinder would not foster the objectives of F.R.C.P. 20 but would instead "result in prejudice, expense, or delay").

Plaintiff Duckett's contention that exhaustion is not required of each individual Plaintiff is unsupported. Plaintiff Duckett relies on *Jones v. Berge,* 172 F. Supp. 2d 1128 (W.D. Wis. 2001) for this argument. However, exhaustion was not required in that case because the *Jones* plaintiffs were certified as a class. *Id.* To the contrary, in an action such as the one at hand where prisoners seek to *join* as plaintiffs, the PLRA requires that each plaintiff meet the exhaustion requirement. *See Woodford v. Ngo,* 548 U.S. 81 (2006) (holding that proper

---

[2] The court may take judicial notice of the pending cases before it that have a direct relation to the matters at issue in this action. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979)).

5

exhaustion is mandatory under the PLRA); *McGoldrick v. Werhotlz,* 185 F. App'x 741, 744 (10th Cir. 2006) (noting that the exhaustion requirement of the PLRA should be applied to each plaintiff separately). Additionally, a plaintiff's failure to exhaust is not excused by his allegation that he is under threat of imminent danger. *Yisrael v. Whitener,* No. 3:13-469, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013) (citing several cases in support of this conclusion).

Plaintiff Duckett's request for a ninety day continuance for co-Plaintiffs to exhaust their prison administrative remedies is unnecessary. In the case Plaintiff Duckett cites, *Rocky v. Vittorie,* 813 F.2d 734 (5th Cir. 1987), the Fifth Circuit detailed the pre-PLRA procedure under which a district judge had discretion to determine whether a prisoner should be required to exhaust administrative remedies. *Id.* at 736. At that time, district judges could continue a case for up to ninety days to require a plaintiff to exhaust administrative remedies where the court found exhaustion appropriate or in the interest of justice. *Id.* Following the ninety day continuance, a district judge could dismiss the suit *with* prejudice if it determined that the plaintiff had not exhausted his administrative remedies or pursued the remedies reasonably and in good faith. *Id.* In contrast, since the passage of the PLRA, exhaustion is a mandatory prerequisite for a prison conditions challenge brought under § 1983. 42 U.S.C. § 1997e(a). Moreover, in the instant case, there is no threat of dismissal *with* prejudice because in the event a case is dismissed for failure to exhaust administrative remedies, such dismissal will generally be *without* prejudice. Therefore, the court will not grant a continuance for co-Plaintiffs to exhaust administrative remedies but, at the appropriate time, will instead dismiss without prejudice any of the cases for which Plaintiffs are unable to demonstrate exhaustion.

Finally, Plaintiff Duckett's request that each co-Plaintiff receive a packet containing the necessary forms to refile the complaint is denied as moot given the court's order to sever this action and to thus allow co-Plaintiffs to continue in pursuit of their claims.

In light of the court's findings, the Clerk of Court is directed to assign separate, individual civil action numbers to each of the co-Plaintiffs and to terminate co-Plaintiffs from this case. The defendants in the new cases will be the same Defendants in the caption of this order. The Clerk of Court is authorized to re-file the complaint from this case in the new cases and to process the new cases as individual prisoner civil rights cases. The initial document entries on the docket in the additional cases will be this order and the complaint in this case. The case shall proceed to initial review by the United States Magistrate Judge as required by the Local Rules of the District Court for the District of South Carolina.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** and **REJECTS IN PART** the magistrate judge's Report and Recommendation (ECF No. 12). It is therefore **ORDERED** that this action is **SEVERED** and will proceed as seventeen individual § 1983 cases.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 22, 2013
Greenville, South Carolina

7